THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD KROHN, Defendant-Appellant.

Third District    Nos. 79-471, 79-439 cons.

Opinion filed August 14, 1981.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Edward F. Petka, State's Attorney, of Joliet (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HEIPLE delivered the opinion of the court:

This cause involves two armed robberies occurring in Will County. Richard Krohn, the defendant, was found guilty of both offenses after separate bench trials. On each conviction respective sentences of 7½ and 9 years in prison were imposed.

Krohn claims the trial court erred by not suppressing certain inculpatory statements he made to the police after his arrest. Because police lacked probable cause to arrest him, he urges, the statements made were

the product of an illegal arrest. Alternatively, the defendant contends, the arrest at his home was illegal since conducted without a warrant in the absence of exigent circumstances. We affirm.

At the suppression hearing, Officer Stewart testified that on October 12, 1978, he received a message from DeKalb authorities that Gregory Austin was a suspect in armed robbery in DeKalb, Illinois. Joliet police records showed that Austin, as well as Bruce Thomas, had been arrested locally, a month earlier, for possession of a sawed-off shotgun. Both listed their address as 309 Park Road. This was defendant's residence.

Officers Stewart and Kelly went to the Park Road home. A car described as one used in the armed robbery was parked in the driveway. The defendant and his mother were questioned by the police. The house was searched pursuant to consent. Later, the vehicle was impounded by the police. A search of the vehicle revealed a pistol and list of business names with amounts of money printed after each name. The defendant was not arrested at this time. The police departed at approximately 10 p.m. Subsequent to their departure, Austin and Thomas were apprehended driving an automobile within a block of the Krohn residence.

Thomas and Austin were taken to the Joliet police station where they were interrogated. Thomas admitted that he, Krohn and Austin robbed a Clark gasoline station and the Torch Club in Joliet. At the time of this admission, previous independent police investigation revealed the Torch Club had been robbed by two individuals who displayed a handgun and fled on foot in a southwardly direction after the felony was committed. Thomas stated he picked up Austin and Krohn after this robbery. He also said the "gun" used in the Clark station robbery was not real.

After Thomas confessed, Sergeant Kelly instructed two policemen to proceed to the Krohn residence and arrest the defendant. An arrest warrant was not obtained. The police arrived at the house at approximately 1:30 a.m. on October 13. They knocked on the door. Defendant answered. He was told he was under arrest. The defendant let the officers in the house; then he dressed, and all parties left for the police station. Subsequently, Krohn confessed to robbing the Torch Club and the Clark station. These admissions are the object of motion to suppress.

Characterizing Bruce Thomas as a police informant, defendant argues Thomas' incriminating statements were insufficient to show probable cause to arrest. Since Thomas does not satisfy either the knowledge or credibility criteria applicable to informants (*Aguilar v. Texas* (1964), 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509; *Spinelli v. United States* (1969), 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584), the police lacked probable cause to arrest the defendant. Therefore, pursuant to the exclusionary rule (*Wong Sun v. United States* (1963), 371 U.S. 471, 9 L. Ed. 2d

441, 83 S. Ct. 407), Krohn's statements should have been suppressed as the product of an illegal arrest.

The defendant's improvisation of *Aguilar* and *Spinelli* is fatuous. It ignores the facts. Thomas was not an informant. He was a co-felon or accomplice. An arresting officer acting solely upon an accomplice's statement may have probable cause to arrest a co-offender. (*People v. Jackson* (1979), 72 Ill. App. 3d 231, 235-36.) Quite simply, the issue is whether at the time of Krohn's arrest the police had probable cause to arrest him. Such a consideration is based not only on the Thomas confession, but other factors in the possession of the police which led the arresting officer, as a reasonably prudent man, to believe an offense had been committed by the defendant.

■■ The record supports probable cause to arrest Krohn at the time such arrest was made. First, an auto purportedly used in the DeKalb armed robbery was parked in Krohn's driveway. In it was a pistol. The police reasonably believed Thomas and Austin, the latter a suspect in the DeKalb holdup, resided at the Krohn home. Finally, Thomas' confession implicating Krohn in the Torch Club robbery was corroborated by the police's own investigation of that offense. The Club had been robbed by two men who displayed a handgun and afterwards fled on foot in the direction where Thomas stated he picked them up in his automobile. The fact that Thomas' information was hearsay is not fatal. (*People v. Denham* (1968), 41 Ill. 2d 1, 5.) This is especially so where, as here, the police's own investigation, in part, corroborated the co-felon's admissions.

Krohn's second contention, that his warrantless arrest in his home is unlawful (*Payton v. New York* (1980), 445 U.S. 573, 63 L. Ed. 2d 639, 100 S. Ct. 1371) is more substantial. We believe, however, the circumstances of this case show the arrest was lawfully executed.

■■ A police officer may arrest without warrant in a private dwelling if exigent circumstances exist for such action at the time the arrest is made. (*People v. Abney* (1980), 81 Ill. 2d 159.) Such circumstances exist in this case. See *People v. Bean* (1981), 84 Ill. 2d 64.

■■ The record shows Krohn was a suspect in at least two serious offenses, one of which the police knew involved the use of a firearm. Also, a 9-millimeter pistol had been found, hidden in a car in Krohn's driveway, which was thought to have been used in a recent armed robbery. Although Krohn's residence had been searched previously by the police on October 12, 1978, this consent search was limited to locating Austin or Thomas, not personal effects such as weapons. In view of all these facts, it was reasonable to believe that at the time Krohn was arrested that he might be armed. Also probable cause to arrest Krohn existed and it was reasonable to believe he was at 309 Park Road since

police had left the residence only three hours earlier. Although Krohn displayed no intention to flee, the impracticability of obtaining a warrant in the wee hours of the morning justified the police in proceeding without one. *Dorman v. United States* (D.C. Cir. 1979), 435 F.2d 385.

Finally, the method of the police's entry to make the arrest cannot be ignored. The two officers knocked on the door. The defendant answered. He was told he was under arrest. Krohn acquiesced, and admitted the officers into his home while he dressed. Guns were not drawn, nor excessive force threatened. After being allowed to enter the home, the police conducted no warrantless search. In a word, the arrest was made peaceably.

It is not clear from the record where Krohn was standing when he answered the door pursuant to the police officer's knock. He may have been standing within the house behind a screen door, or in the threshold of the door itself. Under certain circumstances, the latter place has been held to be a public place (*United States v. Santana* (1976), 427 U.S. 38, 49 L. Ed. 2d 300, 96 S. Ct. 2406), and a warrantless arrest upheld in the absence of exigent circumstances. Although adhering to the rule this case enunciates, the location of Krohn, either behind such a door or in the threshold, does not form the basis for our decision here. The record shows an urgent need existed which obviated the requirement that the police obtain an arrest warrant. The arrest was lawfully effectuated. Thus, defendant's motion to suppress statements made after such arrest was properly denied.

For the reasons stated, the order of the Will County Circuit Court denying defendant's motion to suppress certain statements made after his arrest is affirmed. Accordingly, the convictions, and sentences imposed, are affirmed.

Affirmed.

ALLOY and STOUDER, JJ., concur.